Van Brunt, P. J.
The petitioner, the appellant, seeks an order of the court directing the United States Trust Company to pay him certain funds on deposit therein to the credit of John Beveridge and Hermanns B. Duryea, trustees, etc., claiming that such funds are the accumulations of interest upon a certain trust fund for which the said Beveridge and Duryea were trustees up to the 11th of February, 1873. The motion was denied by the learned justice in the court below, upon the ground that the litiga *51 tions out of which this matter arises had not yet been ended. This objection, however, does not seem to be well founded. The aAount of the accumulations and the interest thereon had been cfetermined by the judgment, which was entered herein on the 7th day of October, 1885.
While it may be true that the moneys deposited in the trust company by Leveridge and Duryea as trustees may be the accumulations of interest upon the .trust fund in which the petitioner is interested, yet it is difficult to see in what way they can be reached in this proceeding.
They are not funds which' have been deposited to the credit of the action, nor are they in any way in the custody of the court. They seem to be simply funds deposited by Leveridge and Duryea to their credit in the trust company, some of them long subsequent to the time of their removal as trustees.
In the judgment which was entered against Leveridge and Duryea in October, 1885, the claim for accumulations seems to have been considered asan individual debt against them and not as a charge against any fund which they had or were supposed to have in their possession.
There seems, therefore, to be no groumd upon which the court by this summary proceeding can adjudicate upon the title to this fund which is in the hands of the United States Trust Company. If this money so deposited can be traced to such accumulations the relief which the petitioner asks must be obtained by an appeal to the general equity jurisdiction of the court, and not to any particular jurisdiction conferred by statute. Under these circumstances such jurisdiction can only be exercised by an action duly brought to which all persons who can possibly have any interest in the subject matter of the litigation are made parties, and in which all rights may be protected.
It would seem from an examination of these papers, and the condition of this fund that there are other parties, namely, the personal representatives of Leveridge and Duryea, as well as others who are entitled to be heard upon this application in reference to the disposition of this fund.
It appears from these papers that Leveridge and Duryea were the trustees of more than one estate, and the representatives of these various estates are necessarily entitled to be heard as to whether this money shall be applied to the satisfaction of the judgment which has been obtained against them individually by the testatrix of the petitioner.
Under these circumstances it does not seem necessary that a more lengthy discussion of the facts of this case need be entered into. The order appealed from must be affirmed although the application was denied upon another and different ground.
*52 Upon a consideration of the learned referee’s report and his opinion thereon, it is apparent that this objection suggested itself to his mind, familiar as he was with the intricate proceedings which have resulted from the litigations brought in connection with these estates.
It is true that orders have tieen made by the court directing the trustees out of these funds in their hands to pay certain expenses occurring in the prosecution of the litigations brought by the plaintiff against them as trustees, but this fact can in no way impress upon this fund a lien which may not in reality exist.
It seems, therefore, to be necessary that the order appealed from should be affirmed with costs.
Daniels and Brady, JJ., concur.